IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEAFUEH MONBO,
    *Plaintiff,*

v.

RICHMOND AMERICAN HOMES OF
MARYLAND, INC., *et al.*,
    *Defendants*

Case No. 24-cv-2869-ABA

**MEMORANDUM OPINION**

*Pro se* Plaintiff Deafueh Monbo alleges that Defendants Richmond American Homes of Maryland, Inc. ("Richmond"), M.D.C. Holdings, Inc. ("MDC"), Tim Phelps, The Creig Northrop Team, PC, ("Northrop") and Gail Poole-Vaughn, breached contracts and duties in connection with the purchase of a house. Ms. Monbo alleges that Defendant Judge Keith Truffer is liable for, among other things, issuing an allegedly false vexatious litigant order against her. All Defendants have moved to dismiss the complaint. Ms. Monbo has filed a motion for a preliminary injunction. For the reasons stated below, the Court will grant the motions to dismiss and deny the motion for preliminary injunction.

**BACKGROUND**[1]

Ms. Monbo's claims arise from her agreement to purchase a house in 2021 that was built by Richmond. ECF No. 1 ¶ 27. She alleges that Richmond, MDC as Richmond's

---

[1] At the pleadings stage, the Court "take[s] as true the facts alleged in [the plaintiff's] complaint and draw all reasonable inferences in [their] favor." *Doe v. Univ. of N. Carolina Sys.*, --- F.4th ---, No. 24-1301, 2025 WL 1006277, at *1 (4th Cir. Apr. 4, 2025).

parent company, and Tim Phelps as Richmond's sales employee, agreed but failed to abide by a contract to sell her a custom designed house and later tried to sell the house to other buyers. *Id.* ¶¶ 7-9, 20-49, 72-74. She also alleges that these three defendants interfered with her "exclusive Buyer's Agent agreement with realtor Gail Poole-Vaughn and her brokerage company, Northrop Realty." *Id.* ¶¶ 75-86. Ms. Monbo alleges that Northrop and Ms. Poole-Vaughn breached their agreement to be her exclusive buyer's agent by not acting in her best interests and by attempting to sell the house to others. *Id.* ¶¶ 180-207. As for Judge Truffer, Ms. Monbo alleges that he filed a forged "vexation litigant" order in her case after the case was closed and that he is "in cahoots" with Richmond. *Id.* ¶¶ 155-59, 210-18. Ms. Monbo also alleges that Judge Truffer "wrongfully refused to have the Land Records record the Notice of Lis Pendens as mandated by 28 U.S.C. § 1964 in an effort to illegally hide from the general public that Lot 36 is involved in a lawsuit dispute with Plaintiff as the Buyer." *Id.* at 224.

In 2022 and 2023, Ms. Monbo filed the following four cases in the Circuit Courts for Howard and Baltimore Counties against Richmond and related parties based on the same facts as this case. *Id.* ¶ 13; *see* ECF Nos. 34-2, 34-4, 34-6, 34-8 (the state complaints):

1. Case No. C-03-CV-22-004994 filed on December 22, 2022 in Baltimore County. ECF No. 1 ¶ 13. Richmond's motion to dismiss was granted on March 10, 2023,

---

The Court will also take judicial notice of the various court orders and opinions from Ms. Monbo's other cases which have been filed by the parties. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (providing that "[a] district court may clearly take judicial notice of" "state court records" when ruling "on a motion to dismiss").

*nunc pro tunc* to March 6, 2023, and the case was dismissed with prejudice. ECF No. 34-3. Ms. Monbo was ordered to pay $7,337.85 in attorney's fees. *Id.*

2. Case No. C-13-CV-23-000187 filed on March 7, 2023 in Howard County. The case was transferred to Baltimore County on April 11, 2023 as case number C-03-CV-23-004483. ECF No. 1 ¶ 13. This is the case over which Judge Truffer presided. After the defendants filed a motion to dismiss, Ms. Monbo filed a notice of voluntary dismissal on December 29, 2023, asserting that the defendants had not been served. ECF No. 1-3 at 40. On January 10, 2024, Judge Truffer ordered that the motion to dismiss was "mooted in part by Plaintiff's Notice of Voluntary Dismissal" but entered judgment in favor of Richmond and against Ms. Monbo in the amount of $13,796.83 for attorneys' fees. ECF No. 54-1. On February 8, 2024, Judge Truffer entered an order declaring Ms. Monbo to be a vexatious litigant under Maryland law and forbidding her from filing any pleadings in the Circuit Court for Baltimore County or the Land Records of Baltimore County without prior written approval. ECF No. 34-5.

3. Case No. C-13-CV-23-000307 filed on April 11, 2023 in Howard County. ECF No. 1 ¶ 13. On June 21, 2023, the court granted Richmond's motion to dismiss, dismissing the case with prejudice, and ordered Ms. Monbo to pay a sanction of $7,110.35. ECF No. 34-7.

4. Case No. C-13-CV-23-000514 filed on June 21, 2023 in Howard County. ECF No. 1 ¶ 13. After Richmond filed a motion to dismiss, Ms. Monbo filed a notice of voluntarily dismissal on August 11, 2023. ECF No. 1 ¶13; ECF No 54-2.

On January 22, 2024, Ms. Monbo also filed a similar case in the U.S. District Court for the District of Columbia with case number 1:24-cv-00186-JEB. ECF No. 1 ¶ 13; *see also* ECF No. 1-3 at 43. This case was dismissed for lack of subject matter jurisdiction. ECF No. 34-10 (providing that Ms. Monbo "is a serial litigant" who "refused multiple requests to provide her residential address").

Ms. Monbo originally filed the currently pending case in the U.S. District Court for the District of Columbia on May 22, 2024 as 1:24-cv-01548-RBW. *See* ECF No. 1 at 1. It was transferred to this Court on October 3, 2024. ECF No. 29. The complaint contains seventeen counts: Count 1 for "Breach of Sales Purchase Agreement" against Richmond

and MDC, Count 2 for "Specific Performance" against Richmond and MDC, Count 3 for a "Temporary Restraining Order" against all Defendants, Count 4 for "Interference with Exclusive Buyer's Agent Agreement" against Richmond and Tim Phelps, Count 5 for "Declaratory Judgment Relief - No.1" against Richmond, Count 6 for "Declaratory Judgment Relief - No. 2" against Richmond, Count 7 for breach of the "Implied Duty of Good Faith and Fair Dealings" against Richmond, Count 8 for "Breach of the Property Floor Plan" against Richmond, Count 9 for "Breach of Fiduciary Duty" against Northrop and Gail Poole-Vaughn, Count 10 for "Negligent Interference with Prospective Economic Relations" against Northrop and Ms. Poole-Vaughn, Count 11 for "Punitive Damages" against all Defendants but Judge Truffer, Count 12 for "Litigation and Court Costs" against all Defendants but Judge Truffer, Count 13 for "Ex Parte Young Doctrine, 209 US 123 (1908)" against Judge Truffer, Count 14 for "Ex Parte Young Doctrine, 209 U.S. 123 (1908) (Temporary Restraining Order, Preliminary and Permanent Injunction Enjoining Keith Truffer from enforcing an Unconscionable and Unenforceable Arbitration Clause)," Count 15 for "Violation of 28 U.S.C. § 1964 (Injunctive Relief Enjoining Keith Truffer from violating 28 U.S.C. § 1964)," Count 16 for "Ex Parte Young Doctrine, 209 U.S. 123 (1908) (Injunctive Relief Enjoining Keith Truffer from Violating the 14th Amendment Due Process)," and Count 17 for "Defamation Per Se" against Richmond. ECF No. 1 ¶¶ 242-347.

Ms. Monbo alleges that federal jurisdiction exists "pursuant to 28 U.S.C. § 1331, and 1343(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, §2202" and that federal "supplemental jurisdiction" exists "over Plaintiff's state-law claims pursuant to 28 U.S.C.§ 1367(a)." *Id.* ¶ 2. The only claims that could provide federal question

4

jurisdiction are those against Judge Truffer. For all other claims, Ms. Monbo relies on supplementary jurisdiction.

The case was transferred to this court in October 2024. ECF Nos. 28-30. The Defendants filed the three pending motions to dismiss, and Ms. Monbo filed a motion for a preliminary injunction. ECF Nos. 34, 35, 36, 48.

## STANDARD

When a defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## DISCUSSION

Federal courts generally have original subject matter jurisdiction in two situations: (1) under federal question jurisdiction, where the case involves an issue of federal law, 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Additionally, "[s]upplemental jurisdiction . . . allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." *Shanaghan v. Cahill*, 59 F.3d 106, 109 (4th Cir. 1995). "[A] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction'" and the "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over

5

state claims when all federal claims have been extinguished." *Id.* at 110 (quoting 28 U.S.C. § 1367(c)(3)). As stated, Ms. Monbo asserts federal question jurisdiction and supplemental jurisdiction.

### A.    Federal Question Jurisdiction

Ms. Monbo alleges federal claims against only Judge Truffer. She alleges federal question jurisdiction "pursuant to 28 U.S.C. § 1331, and 1343(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, §2202." ECF No. 1 ¶ 2. First, the Federal Declaratory Judgment Act gives courts the authority to enter declaratory relief, but it does not create subject matter jurisdiction. *Capitol Broad. Co., Inc. v. City of Raleigh, N. Carolina*, 104 F.4th 536, 540 (4th Cir. 2024) ("In passing the [Declaratory Judgment] Act, while 'Congress enlarged the range of remedies available in federal courts,' it 'did not extend their jurisdiction.'") (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Second, the claims alleged by Ms. Monbo against Judge Tuffler pursuant to 28 U.S.C. § 1331, and 1343(a) cannot survive a Rule 12(b)(6) motion to dismiss. Thus, the Court lacks subject matter jurisdiction based on the violation of federal laws and the Constitution.

Ms. Monbo alleges that Judge Truffer "has engaged in unconstitutional acts and constitutional violations" and "acted contrary to federal laws and the U.S. Constitution." ECF No. 1 ¶ 12. More specifically, Ms. Monbo alleges that Judge Truffer improperly granted Richmond's motions to declare Ms. Monbo a vexatious litigant and to terminate her motion for notice of *lis pendens* after Ms. Monbo had filed a notice of voluntary dismissal. *Id.* ¶¶ 209-11, 224, 326-40; ECF No. 34-5; *see* docket for Circuit Court for Baltimore County case number C-03-CV-23-004483. Ms. Monbo seeks a temporary restraining order enjoining Judge Truffer "from violating 28 U.S.C. § 1964 and refusing

to record the Notice of Lis Pendens." ECF No. 1 ¶ 225, *see also id.* ¶ 230, 331. She also seeks "injunctive and declaratory relief pursuant to Ex Parte Young Doctrine, 209 U.S. 123 (1908)," *id.* ¶ 321, "[t]o get to the bottom of this unconstitutional vexation order," *id.* ¶ 215. Finally, Ms. Monbo seeks to enjoin Judge Truffer "from enforcing [Richmond's] unconscionable and unenforceable Arbitration Clause." *Id.* ¶ 325; *id.* ¶¶ 118, 322-24.

But as Ms. Monbo alleges, the case over which Judge Truffer presided is closed. *Id.* ¶ 209; *see* docket for Circuit Court for Baltimore County case number C-03-CV-23-004483. Since Judge Truffer is not currently engaging in the acts alleged, even if Ms. Monbo had stated a cognizable claim (which she has not), there is no injunctive relief that the Court can provide. *See Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (providing that dismissal for mootness is appropriate "when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party") (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).

Moreover, Ms. Monbo's claims against Judge Truffer are barred by the *Rooker-Feldman* doctrine. Ms. Monbo is essentially asking this Court to stand in for the state appellate court and review Judge Truffer's rulings. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine "prohibits the United States District Courts, with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). Ms. Monbo's time to challenge

7

Judge Truffer's rulings would have been during an appeal of the state case, but she did not file an appeal. *Id.* at 199 n.11 (providing that "the proper avenue for" "challeng[ing] the state court's order" is the appropriate state appellate court).

Ms. Monbo alleges that she is not a "state-court loser" because she voluntarily dismissed the case over which Judge Truffer presided. But, after filing her notice of dismissal, Judge Truffer entered an order on Richmond's motion to dismiss, declaring it moot "in part [due to] Plaintiff's Notice of Voluntary Dismissal" but also entering judgment "in favor of Defendant Richmond . . . [for] Defendant's contractual Request for attorneys' fees." *See* ECF No. 54-1 at 2. Moreover, Maryland Rule 2-506(d) provides that a voluntary dismissal is "a dismissal . . . without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in any court of any state or in any court of the United States an action based on or including the same claim." Md. Rule 2-506(d). Ms. Monbo filed her notice of dismissal in the Howard County case, C-13-CV-23-000514, on August 11, 2023. ECF No. 1 ¶ 13; ECF No 54-2. She thereafter filed a notice of dismissal in Judge Truffer's case, C-03-CV-23-004483, on December 29, 2023. ECF No. 1-3 at 40; ECF No. 54-4. Those cases are substantively the same. *Compare* ECF No. 34-4 with ECF No. 34-8. Thus, the dismissal in Judge Truffer's case also acts as a dismissal on the merits because Ms. Monbo had previously filed a notice of voluntary dismissal regarding the same claims in a different case, making Ms. Monbo doubly a state-court loser. Therefore, the *Rooker-Feldman* doctrine bars her claims against Judge Truffer.

### B.   Supplemental Jurisdiction

Having found no viable claims that would provide this Court with original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining

state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over" related state law claims if "the district court has dismissed all claims over which it has original jurisdiction."); *Shanaghan*, 59 F.3d at 109. Therefore, the remainder of the claims will be dismissed without prejudice to be raised, if at all, in a state court with subject matter jurisdiction. The Court notes, however, that as a "vexatious litigant," Ms. Monbo has been forbidden from filing new claims in the Baltimore County Circuit Court without prior written approval. ECF No. 34-5.

## CONCLUSION

Because there are no viable grounds to exercise federal jurisdiction over Ms. Monbo's claims against Judge Truffer and because the Court declines to exercise supplemental jurisdiction over the remainder of the state law claims, the Court will grant Judge Truffer's motion to dismiss with prejudice and will grant the remaining motions to dismiss without prejudice. As a result, the Court will also deny Ms. Monbo's motion for a preliminary injunction.

Date:  April 25, 2025               /s/
                                    Adam B. Abelson
                                    United States District Judge

9